# United States District Court
## WESTERN DISTRICT OF MICHIGAN

| UNITED STATES OF AMERICA | ORDER OF DETENTION PENDING |
| --- | --- |
| v. | REVOCATION HEARING |
| DEWAYNE ANDRE MOFFETT | Case Number: 1:05-CR-33 |

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

## Part I - Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
    - ☐ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
    - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
    - ☐ under 18 U.S.C. §924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- ☒ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

During the final six months of his sentence for being a felon in possession of a firearm, defendant participated in a 500-hour drug abuse treatment program. On his final urine screen he tested positive for THC metabolite in October 2009. He was also placed on escape status briefly. He was subsequently released from prison on March 23, 2010, and one month later had an impact hearing before Chief Judge Paul Maloney. On the same day, and shortly after the hearing, defendant tested positive for marijuana, although (continued on attachment)

## Part II - Written Statement of Reasons for Detention

Defendant has failed to show by clear and convincing evidence that there is a condition or combination of conditions that will assure his presence for future court proceedings. Notwithstanding the stressful situation defendant found himself in, the situation has hardly changed today, 7 days after his great aunt died, and where defendant now faces a return to prison. All the ingredients for a stressful situation remain. During the 500-hour program last fall and during the month defendant has been on release prior to his impact hearing, he was unable to conform his conduct because he (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: May 7, 2010

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, Jr., United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v Dewayne Andre Moffett
1:05-CR-33

## ORDER OF DETENTION PENDING REVOCATION HEARING
Page 2.

### Alternate Findings (A) - continued

he adamantly denied the use of marijuana to the probation officer who took the urine specimen. Three days later, on April 29, 2010, defendant failed to appear for substance abuse training at Hackley Life Counseling in Muskegon, Michigan.

Defendant has also failed to report to the sex offender registry as required, nor did he obtain employment during the month following his release. Defendant points out this was a particularly stressful time for him because his great aunt was being removed from life support.

### Part II - Written Statement of Reasons for Detention - continued

continued to use drugs, nor was he truthful with the probation officer who took the drug test (and presumably not with the district judge who had afforded him an impact hearing a few hours earlier). Defendant also failed to appear for drug abuse treatment a mere three days later. Based upon all these factors, defendant has not shown by clear and convincing evidence that he is subject to management or a future appearance as required by the court.